1
2
3
4
5
6

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*(602) 274-1100*
*Ty D. Frankel (AZ Bar No. 027179)*
*tfrankel@bffb.com*

7
8
9
10
11

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone:  (619) 756-7748*
*Patricia N. Syverson (AZ Bar No. 020191)*
*psyverson@bffb.com*

12

**IN THE UNITED STATES DISTRICT COURT**

13

**DISTRICT OF ARIZONA**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Jessie N. Hernandez,<br><br>                    Plaintiff,<br>v.<br><br>Gemini Hospice LLC, an Arizona corporation; Cassandra J. Carter, a/k/a Casey Carter and John Doe Carter, husband and wife; Corey H. Normoyle, Jr. and Jane Doe Normoyle; Cameron Normoyle and Kelly Normoyle, husband and wife; Cathryn J. Peterson aka Cathy Peterson and John Doe Peterson; Paula Goerg and John Doe Goerg; Cyndi Sander and John Doe Sander; Marcy Smith aka Marcy Smith Konikow and John Doe Smith,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Jessie N. Hernandez ("Plaintiff") for her Complaint against Gemini Hospice LLC, Cassandra J. Carter, aka Casey Carter and John Doe Carter, Corey H. Normoyle, Jr. and Jane Doe Normoyle, Cameron Normoyle and Kelly Normoyle, Cathryn J. Peterson, aka Cathy Peterson and John Doe Peterson, Paula Goerg and John Doe Goerg, Cyndi Sander and John Doe Sander, and Marcy Smith, aka Marcy Smith Konikow and John Doe Smith (hereinafter collectively referred to as both "Defendants" and "Gemini") alleges as follows:

## I.   NATURE OF THE CASE

1.      Plaintiff brings this action against Gemini for its unlawful retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and its unlawful defamation (the "State law claim").

2.      This action is brought to recover lost wages and liquidated damages equal to the lost wages, front pay, compensatory damages, reasonable attorneys' fees and costs, pre-judgment interest, and punitive damages resulting from Defendants' violations of the FLSA.

3.      This action is also brought to recover damages, including punitive damages, resulting from the State law claim.

## II.   JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §§ 215-216 and 28 U.S.C. § 1331.

5.      Plaintiff's State law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy.  This Court therefore has supplemental jurisdiction over Plaintiff's State law claim pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District.  Plaintiff was employed by Gemini in this District.

### III.  PARTIES

7.     At all times relevant to the matters alleged herein, Plaintiff Jessie N. Hernandez resided in the State of Arizona in Pinal County.

8.     Plaintiff was a non-exempt employee of Gemini from on or around December 8, 2014 until on or around May 4, 2015.

9.     Plaintiff was employed as a Certified Nursing Assistant.

10.     During Plaintiff's tenure as an employee at Gemini, Plaintiff was compensated an hourly rate of $15.00 per hour plus mileage at $0.55 per mile.

11.     Plaintiff was a non-exempt employee under the FLSA.

12.     Defendant Gemini Hospice LLC is an Arizona corporation authorized to do business in Arizona and operates a hospice care business headquartered in Chandler, Arizona.  Gemini at all relevant times has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

13.     At all relevant times, Gemini was an employer as defined by 29 U.S.C. § 203(d) and a "person" under 29 U.S.C. § 213(a)(1).

14.     Cassandra J. Carter, aka Casey Carter and John Doe Carter are, upon information and belief, husband and wife.  John Doe Peterson is the fictitious name for Casey Carter's husband.  This complaint will be amended once his name is discovered. They have caused events to take place giving rise to this action for which their marital community is fully liable.  Casey Carter is a Member of Gemini and the Owner.

15.     Corey H. Normoyle, Jr. and Jane Doe Normoyle are, upon information and belief, husband and wife.  Jane Doe Normoyle is the fictitious name for Corey Normoyle's wife.  This complaint will be amended once her name is discovered.  They have caused events to take place giving rise to this action for which their marital community is fully liable.  Corey Normoyle is a Member of Gemini.

16. Cameron Normoyle and Kelly Normoyle are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action for which their marital community is fully liable. Cameron Normoyle is a Member of Gemini.

17. Cathryn J. Peterson, aka Cathy Peterson and John Doe Peterson are, upon information and belief, husband and wife. John Doe Peterson is the fictitious name for Cathy Peterson's husband. This complaint will be amended once his name is discovered. They have caused events to take place giving rise to this action for which their marital community is fully liable. Cathy Peterson is a Member of Gemini.

18. Paula Goerg and John Doe Goerg are, upon information and belief, husband and wife. John Doe Goerg is the fictitious name for Paula Goerg's husband. This complaint will be amended once his name is discovered. They have caused events to take place giving rise to this action for which their marital community is fully liable. Paula Goerg was the Director of Compliance at Gemini during Plaintiff's employment.

19. Cyndi Sander and John Doe Sander are, upon information and belief, husband and wife. John Doe Sander is the fictitious name for Cyndi Sander's husband. This complaint will be amended once his name is discovered. They have caused events to take place giving rise to this action for which their marital community is fully liable. Cyndi Sander was the Director of Compliance Services for Gemini during Plaintiff's employment.

20. Marcy Smith, aka Marcy Smith Konikow and John Doe Smith, are, upon information and belief, husband and wife. John Doe Smith is the fictitious name for Marcy Smith's husband. This complaint will be amended once his name is discovered. They have caused events to take place giving rise to this action for which their marital community is fully liable. Marcy Smith was the Director of Human Resources for Gemini during Plaintiff's employment.

21.     Under the FLSA, Defendants Casey Carter, Corey Normoyle, Cameron Normoyle, Cathy Peterson, Paula Goerg, Cyndi Sander, and Marcy Smith are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.   They are Members, Owners and Management of Gemini as outlined in the preceding paragraphs.   They were at all times persons responsible for determining the method and rate of Plaintiff's payment of wages and made decisions affecting the policies directing Plaintiff's employment at Gemini.   As persons who acted in the interest of Gemini in relation to the company's employees, Defendants Casey Carter, Corey Normoyle, Cameron Normoyle, Cathy Peterson, Paula Goerg, Cyndi Sander, and Marcy Smith are subject to individual liability under the FLSA.

22.     In addition, Section 15(a)(3) of the FLSA prohibits retaliation by "any persons," including Defendants Casey Carter, Corey Normoyle, Cameron Normoyle, Cathy Peterson, Paula Goerg, Cyndi Sander, and Marcy Smith, who as management employees and agents of Gemini, retaliated against Plaintiff as a result of Plaintiff complaining to Gemini and the Arizona Department of Labor for not receiving proper overtime and wage compensation.

## IV. FACTUAL BACKGROUND

23.     Gemini is a hospice company providing care to individuals nearing the end of their lives and is headquartered in Chandler, Arizona.

24.     From on or around December 8, 2015 until on or around May 4, 2015, Plaintiff was an employee for Gemini working as a Certified Nursing Assistant.

25.     Plaintiff was compensated $15.00 per hour plus mileage at $0.55 per mile.

26.     Plaintiff was assigned to home visits to clients throughout Arizona, requiring her to engage in a good deal of travel during the course of her typical work day.

27.     In addition to travel to and conducting home visits, Plaintiff was assigned to work blood pressure clinics, as well as bingo activities for clients.

28.    As a result of all her assignments, Plaintiff routinely worked with knowledge of management in excess of forty hours per week during her tenure at Gemini, but at all times during her employment Plaintiff was paid her regular hourly rate.

29.    Gemini provided Plaintiff a company-issued phone to communicate with her direct supervisor but the phone frequently did not work properly, resulting in her communicating with her supervisor by text as well as her personal phone regarding her schedule each day.

30.    Despite being routinely required to work in excess of forty hours per week, Plaintiff was not paid the premium one and one-half times her regular rate as required under the FLSA for hours worked over forty in a workweek.

31.    Plaintiff brought her long hours to Gemini's attention on several occasions by notifying management, noting that the geographic separation of her assignments made it difficult to complete her work within her normal hours for the day.

32.    For example, between March 16, 2015 and March 31, 2015, Plaintiff worked 126 hours but she was only paid for 80 hours.

33.    Gemini wrongfully withheld wages from Plaintiff by failing to pay all overtime wages due to Plaintiff for hours Plaintiff worked.

34.    Upon realizing that she was due overtime wages during her employment, Plaintiff complained to Gemini management, Paula Goerg and Cindy Sander, about Gemini's unlawful wage practices on April 9, 2015.

35.    Gemini responded, through its agent and employee Casey Carter in her capacity as Owner, by advising Plaintiff that she would not be paid overtime or reimbursed for travel for her first client of the day, even though she traveled to the employer's office before she left for her first appointment.

36.    Plaintiff filed a complaint with the Arizona Department of Labor on April 20, 2015, regarding Gemini's unlawful overtime and wage practices.

37.     Following Plaintiff's complaints to Gemini and the Department of Labor about having not received legally required overtime and wages due under the FLSA and as a direct and proximate result of Plaintiff's complaints, Gemini retaliated by disciplining Plaintiff and eventually terminating her.

38.     On May 4, 2015, Marcy Smith, acting in her capacity as Human Resources Director for Gemini, and Cyndi Sander, acting in her capacity as Director of Client Services for Gemini, issued a disciplinary write-up to Plaintiff for failing to communicate by phone with her supervisor.

39.     Plaintiff explained that her employer-issued phone was with Gemini for repair and she was not notified it had been repaired or replaced.  She was disciplined as a direct and proximate result of her complaints about not receiving overtime in violation of the FLSA and proper wages to which she was entitled.

40.     Gemini management then sent Plaintiff to a new assignment in Apache Junction on May 4, 2015.  When she called in to Gemini as required following the assignment, Plaintiff was required to report to the Gemini office.

41.     When she returned to the Gemini office on May 4, 2015, Marcy Smith, Paula Goerg, Casey Carter, and Cyndi Smith, acting in their respective management roles on behalf of Gemini, discharged Plaintiff from employment.

42.     Plaintiff inquired why she was terminated and Gemini management would not give her the reason.

43.     Instead, Casey Carter, in her capacity as manager and owner of Gemini, stated that Gemini had received paperwork concerning Plaintiff's Arizona Department of Labor claim, and that the lawyer for Gemini was working on it.  Plaintiff was terminated as a direct and proximate result of having made complaints about not receiving proper overtime under the FLSA and unpaid wages.

44.     On May 21, 2015, Plaintiff and Paula Goerg, in her capacity as Director of Compliance for Gemini, attended a hearing regarding the claim for unpaid overtime at the Arizona Department of Labor.

45.     Plaintiff subsequently filed for unemployment benefits with the Arizona Department of Economic Security on May 27, 2015.

46.     On June 17, 2015, the Department of Economic Security initially denied Plaintiff's unemployment benefits.

47.     On June 18, 2015, the Arizona Department of Labor issued a determination that Gemini owed Plaintiff wages for hours worked and mileage for unpaid travel time that had not been compensated in accordance with company policy to pay such mileage.

48.     On June 25, 2015, Plaintiff appealed the Department of Economic Security decision denying her unemployment benefits.

49.     On June 26, 2015, Gemini filed a complaint against Plaintiff with the Arizona Board of Nursing, falsely accusing Plaintiff of engaging in illicit sexual activity with patients.

50.     The Arizona Board of Nursing investigated the allegations.  They contacted Plaintiff's former patients to investigate the claims, causing Plaintiff severe humiliation as a result of the illicit sexual misconduct falsely stated to have occurred by Gemini.  The Arizona Board of Nursing dismissed the complaint against Plaintiff and officially closed the case on September 21, 2015.

51.     During the pendency of the Arizona State Board of Nursing investigation, Plaintiff was unable to work as a Certified Nursing Assistant.

52.     At the hearing regarding unemployment benefits on July 21, 2015, Paula Goerg, Marcy Smith, and Casey Carter, acting in their capacity as management for Gemini, falsely testified that Plaintiff was "engaging in prostitution" and that she made "special visits" of a sexual nature to a patient to "help with his genital area."

53. Plaintiff protested these false accusations and the Gemini management present during the hearing admitted that Gemini did not take any steps to report the alleged incidents to law enforcement.

54. On July 23, 2015, the Department of Economic Security reversed its earlier decision and granted Plaintiff unemployment benefits. The Department of Economic Security concluded that Plaintiff was discharged for reasons other than willful or negligent misconduct.

55. The Department of Economic Security noted Gemini lacked credibility or any evidence that would support the false accusations it made about Plaintiff regarding her having committed illicit sexual acts.

56. The Department of Economic Security noted that Gemini was under a duty to report any such suspected misconduct to the police immediately.

57. However, Gemini did not report the purported misconduct to any authority until after it received the order from the Arizona Department of Labor requiring it to pay Plaintiff wages and reimbursement for mileage, nearly two months after it learned of the alleged events.

58. Following Plaintiff's complaints to Gemini and the Arizona Department of Labor about Gemini's failure to pay Plaintiff overtime wages due under the FLSA and as a direct and proximate result of Plaintiff's complaints, Gemini retaliated by disciplining Plaintiff, falsely stating she had committed illegal sexual conduct during her employment, and terminating her employment.

## V.  COUNT ONE - ALL DEFENDANTS

### (Unlawful Retaliation - FLSA - 29 U.S.C. § 215)

59. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

60. Plaintiff was a non-exempt employee of Gemini entitled to the statutorily mandated overtime wage.

61.     Gemini willfully failed to comply with 29 U.S.C. § 207 by failing to pay Plaintiff the statutorily required overtime wage of one and one-half times Plaintiff's regular rate for hours worked by Plaintiff in excess of forty in a workweek as required by the FLSA.

62.     In or around April 2015, as set forth in this Complaint, Plaintiff engaged in protected activity by bringing to the attention of Gemini management that the company was violating the overtime provisions of the FLSA.

63.     On or around April 9, 2015, Plaintiff met with Gemini management regarding unpaid compensation including overtime.

64.     Gemini, through its management acting in their capacity as employees and agents of Gemini, responded that it would not pay Plaintiff overtime.  Gemini also threatened Plaintiff, a mother of a two-year-old child, stating that if she were to receive overtime that her child would be denied access to health care benefits from the State of Arizona.

65.     On April 20, 2015, Plaintiff filed a complaint with the Arizona Department of Labor for unpaid wages and raised the issue that she was not paid proper overtime wages.

66.     As a direct and proximate result of Plaintiff's complaints about Gemini's unlawful overtime and wage practices, Plaintiff was subsequently disciplined on May 4, 2015 and terminated that date, which constitutes a materially adverse employment action in violation of 29 U.S.C. § 215(a)(3).

67.     It is unlawful for Gemini to retaliate against Plaintiff because she has made any complaint, whether in writing or orally, that Gemini violated or was violating any provision of the FLSA.  29 U.S.C. § 215(a)(3).

68.     There is a causal connection between Plaintiff engaging in the aforementioned protected activity and her discipline and termination in that but for the

Plaintiff engaging in the protected activity, Gemini would not have disciplined Plaintiff and terminated Plaintiff's employment.

69.    Plaintiff's protected activity was a motivating factor in the decision by Gemini to discipline Plaintiff and terminate her.

70.    Plaintiff has been damaged as a direct and proximate cause of Gemini and the action and conduct of Defendants.

71.    Defendants' conduct in taking adverse action against Plaintiff's employment was done with ill will, spite, malice, for the purpose of injuring Plaintiff and with a complete indifference of Plaintiff's rights.

72.    Defendants' conduct in taking adverse action toward Plaintiff's employment harmed Plaintiff and was malicious, oppressive or in reckless disregard of her rights. Gemini therefore should be required to respond to Plaintiff in the form of a punitive or exemplary damage award under federal law.

## VI.  COUNT TWO – DEFENDANTS GEMINI HOSPICE LLC, PAULA GOERG, MARCY SMITH, AND CASEY CARTER

### (Defamation)

73.    Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

74.    At the time of the commission by Defendants Gemini Hospice LLC, Paula Goerg, Marcy Smith, and Casey Carter, of the wrongs hereinafter alleged, and for a long time prior, Plaintiff was a Certified Nursing Assistant of good name and reputation in the industry, and was deservedly held in high esteem by and among the persons and organizations in her field.

75.    On June 26, 2015, Defendant Gemini Hospice LLC made, issued, and published defamatory statements, wherein said Defendant maliciously and wrongfully stated to the Arizona Board of Nursing and public that:  Plaintiff had illicit sexual interaction with her patients.

76.     On July 21, 2015, Defendants Paula Goerg, Marcy Smith, and Casey Carter, acting in their capacity as managers and agents of Gemini Hospice LLC, made, issued, and published defamatory statements, wherein said Defendants maliciously and wrongfully stated to the Arizona Department of Economic Security and the public that: Defendants received reports that Plaintiff, in the performance of her job duties, had made "after work" "special visits" to patients and had stated to one patient's daughter that "if her father needs help with his genital area, she will help."  Said Defendants also falsely stated that Plaintiff was "engaging in prostitution."

77.     The statements of Defendants Gemini Hospice LLC, Paula Goerg, Marcy Smith, and Casey Carter that are set forth above were and are false.  Said Defendants either knew that those statements were false, or said Defendants proceeded to make those statements in reckless disregard of their truth or falsity, or acted negligently to ascertain whether they were true.  Said Defendants failed to make proper inquiry of Plaintiff or otherwise before publishing those statements; and, in the publication of said defamatory statements, said Defendants showed actual malice, spite and ill-will toward Plaintiff.

78.     Defendants Gemini Hospice LLC, and its agents and management employees Defendants Paula Goerg, Marcy Smith, and Casey Carter, falsely, maliciously, and wrongfully intended to injure and destroy Plaintiff's good name and reputation; and to expose Plaintiff to public contempt, hatred, suspicion, and financial injury.   Said Defendants falsely, maliciously, and wrongfully wrote and published, or caused to be written and published, of and concerning the Plaintiff, and of and concerning Plaintiff's employment and professional status, the defamatory, false, malicious, and scandalous words set forth in the statements above.

79.     Those words in the foregoing statements contained false assertions concerning Plaintiff that are defamatory per se, in that:  (1) the statements made impute want of integrity in discharging professional duties, and prejudice Plaintiff in her

1  profession; and also (2) the statements accuse plaintiff of, and impute to her, criminal

2  activity.

3       80.    As a direct and proximate result of one or more of the aforesaid acts of

4  Defendants Gemini Hospice LLC, Paula Goerg, Marcy Smith, and Casey Carter and the

5  publication of said defamatory statements, Plaintiff has been, and is, jeopardized in her

6  reputation and standing; and Plaintiff sustained financial loss and damages.

7       81.    As a direct and proximate result of the foregoing conduct in which

8  Defendants Gemini Hospice LLC, Paula Goerg, Marcy Smith, and Casey Carter, engaged,

9  punitive damages should be assessed in this case to punish said Defendants and to deter

10  others from engaging in similar conduct.

11  **VII. REQUESTED RELIEF**

12      WHEREFORE, Plaintiff prays:

13       A.    For the Court to declare and find that the Defendants violated the

14  non-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3).

15       B.    For the Court to declare and find that Defendants violated the laws of

16  this State by committing defamation per se.

17       B.    For the Court to award compensatory and punitive damages,

18  including lost wages and liquidated damages equal to the lost wages and front pay, to be

19  determined at trial;

20       C.    For the Court to award interest on all wage compensation due

21  accruing from the date such amounts were due;

22       D.    For the Court to award such other monetary, injunctive, equitable,

23  and declaratory relief as the Court deems just and proper;

24       E.    For the Court to award restitution;

25       F.    For the Court to award Plaintiff's reasonable attorneys' fees and costs

26  pursuant to 29 U.S.C. § 216(b);

27       G.    For the Court to award pre- and post-judgment interest;

28

1        H.      For the Court to award Plaintiff's resulting consequential damages, in

2   an amount to be proven at trial; and,

3        I.      For such other relief as the Court deems just and proper.

4                        **VIII. DEMAND FOR JURY TRIAL**

5        63.     Plaintiff hereby demands trial of his claims by jury to the extent authorized

6   DATED:  May 13, 2016.

7                                        BONNETT, FAIRBOURN, FRIEDMAN
                                         & BALINT, P.C.
8

9                                          /s/ Ty D. Frankel
                                         Ty D. Frankel
10                                       2325 E. Camelback Road, Suite 300
                                         Phoenix, Arizona  85016
11                                       Telephone:  602-274-1100
                                         Facsimile:   602-798-5860
12

13                                       BONNETT, FAIRBOURN, FRIEDMAN &
                                         BALINT, P.C.
14                                       Patricia N. Syverson
                                         600 W. Broadway, Suite 900
15                                       San Diego, California 92101

16

17                                       Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28